FILED
United States Court of Appeals
Tenth Circuit

**January 12, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NEIL ADAMS McGINNIS,

      Petitioner–Appellant,

v.

STATE OF WYOMING,

      Respondent–Appellee.

No. 10-8082
(D.C. No. 1:10-CV-00163-ABJ)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Neil McGinnis, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's dismissal without prejudice of his 28

U.S.C. § 2254 habeas petition. We deny a COA and dismiss the appeal.

**I**

McGinnis is detained in the Campbell County Detention Center awaiting trial. In

August 2010, he filed a pro se petition in federal district court titled "Petition Under 28

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 2254(a)(b)(d) [sic] for Writ of Habeas Corpus by Person in State Custody."

McGinnis alleged in the petition that he was being held in pre-trial detention. He articulated numerous and sundry claims with varying degrees of clarity including, inter alia: (1) he is innocent and "falsely charged"; (2) state and local agents have withheld "probative exculpatory evidence"; (3) he was subjected in detention to "cruel and unusual methodical tortures" including "sexual rape" and "mail fraud"; (4) he was targeted by "21st century wave technology weaponry" wielded by "security firms & military"; and (5) he was required to undergo a mental health evaluation in order to stigmatize and discredit him.

Because McGinnis had not been convicted, the district court held that his § 2254 petition was premature, dismissed it without prejudice, and denied COA. The district court also observed that to the extent McGinnis was attempting to raise civil rights claims, he was free to file a complaint under 42 U.S.C. § 1983.

## II

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. 28 U.S.C. § 2253(c)(1)(A). Because the district court dismissed McGinnis' petition on a procedural ground, McGinnis may not obtain a COA unless he demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

We liberally construe McGinnis' application for a COA because he proceeds pro se. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, in the context of McGinnis' rambling and often incoherent pleadings, we emphasize that "[d]espite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir.1991).

As with his petition, McGinnis' application for COA discusses his claimed innocence and alleged mistreatment during pre-trial detention, including the use of "wave weaponry" against him. Without assessing the substance of McGinnis' claims (to the extent they are intelligible), we turn instead to procedural prong of Slack. See 529 U.S. at 485 (a court may dispose of COA on procedural grounds without reaching the constitutional claim). McGinnis' application for COA is devoid of any argument addressing the procedural grounds upon which the district court dismissed his § 2254 petition. We conclude that the district court's rulings (that McGinnis' § 2254 petition is not cognizable pre-trial, and that he may file a suit under 42 U.S.C. § 1983 to the extent he is alleging civil rights violations) are not debatable. See 28 U.S.C. § 2254(a) (permitting district courts to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court"); McIntosh v. U. S. Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997) (distinguishing between claims attacking "the execution of a sentence," properly brought under 28 U.S.C. § 2241, and "'condition of confinement' lawsuits, which are brought under civil rights laws").

Accordingly, McGinnis is not entitled to COA.  <u>See</u> <u>Slack</u>, 529 U.S. at 484.

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.  Because McGinnis has not advanced a reasoned, non-frivolous argument on appeal, we also **DENY** his motion to proceed in forma pauperis.  <u>See</u> <u>DeBardeleben v. Quinlan</u>, 937 F.2d 502, 505 (10th Cir. 1991).  We **DENY** all other pending motions.

Entered for the Court

Carlos Lucero
Circuit Judge

-4-