FILED
United States Court of Appeals
Tenth Circuit

June 10, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

NEIL ADAMS MCGINNIS,

     Plaintiff - Appellant,

v.

DAVID FREUDENTHAL, individually and in his official capacity as Wyoming Governor; BRUCE SALZBURG, individually and in his official capacity as Wyoming Attorney General; JEANIE STONE, individually and in her official capacity as the Campbell County District Attorney; MR. MATTHONEY, individually and in his official capacity as the Campbell County Undersheriff; BILL POWNELL, individually and in his official capacity as the Campbell County Sheriff; MR. CHEAIRS, individually and in his official capacity as the Campbell County Detention Center Jail Administrator; JIM HLOUCAL, individually and in his official capacity as the Gillette Police Department Chief of Police; MR. SALO, individually and in his official capacity as the Campbell County Detention Center Correctional Officer; MR. O'NEAL, individually and in his official capacity as the Campbell County Detention Center Lieutenant; MR. GIBSON, individually and in his official capacity as a Campbell County Detention Center Correctional Officer;

No. 10-8114
(D.C. No. 10-CV-00200-WFD)
(D. Wyo.)

MICHAEL SHOUMAKER, individually and in his official capacity as Wyoming Public Defender; RICHARD LIPKA, individually and in his official capacity as a Wyoming Public Defender; DIANE LOZANO, individually and in her official capacity as a Wyoming Public Defender; KERRIE JOHNSON, individually and in her official capacity as a Wyoming Public Defender; BERNIE FOSTER, individually and in his official capacity as Wyoming Public Defender Program Investigator; WILLIAM ANDERSON, individually and in his official capacity as Gillett City Attorney; CAROL SEEGER, individually and in her official capacity as a Campbell County Attorney; MR. WARNE, individually and in his official capacity as a Gillett Police Department Detective; MS. KRUEGER, individually and in her official capacity as a Campbell County Detention Center Sergeant; MS. DEARCORN, individually and in her official capacity as a Campbell County Detention Center Sergeant; JEFF RECH, individually and in his official capacity as a Campbell County Detention Center Sergeant; CARL DICK, SR., individually and in his official capacity as a Campbell County Detention Center Sergeant; MR. JUST, individually and in his official capacity Campbell County Detention Center Corporal; MS. SMITH, individually and in her official capacity as a Campbell County

Detention Center Corporal; MARY ANN HANNIGEN, individually and in her official capacity as a Campbell County Detention Center Corporal; CARLA ENSON, individually and in her official capacity as a Campbell County Detention Center Correctional Officer; MR. CHENEY, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; MR. FREDDSEN, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; MR. MORRISEN, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; MR. BOEK, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; CLARANCE BARRY, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; BEN HOANG, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; MR. STENBERG, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; MR. LOUSECH, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; MR. CARPENTER, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; MR. HILL, individually and in his official capacity as a Campbell County Detention Center Correctional Officer;

STEVE CHAFLANT, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; NINA SMITH, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; CHRIS ANTLE, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; MR. SHAHL, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; PAUL BEACHAUM, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; CARL DICK, JR., individually and in his official capacity as a Campbell County Detention Center Correctional Officer; MR. HOLDEN, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; MR. INNIS, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; MR. KNITTLE, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; MS. STILLSON, individually and in her official capacity as a Campbell County Detention Center Correctional Officer; MR. COXBILL, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; CLAUDE MCKEE, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; MS. HOLENBECK, individually and

in her official capacity as a Campbell County Detention Center Correctional Officer; MR. HUNTER, individually and in his official capacity as a Campbell County Center Correctional Officer; MR. MELLOTT, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; MR. GOOL, individually and in his official capacity as a Campbell County Detention Center Correctional Officer, a/k/a Mr. Goohl, a/k/a Mr. Gooul; JENNIFER JORDON, individually and in her official capacity as a Campbell County Detention Center Correctional Officer; LAURIE HAWTHRONE, individually and in her official capacity as a Campbell County Detention Center Correctional Officer; MR. BAKER, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; MR. BHUR, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; MR. BRUNSON, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; MR. GUTIERREZ, individually and in his official capacity as a Campbell County Detention Center Correctional Officer; MS. TENSLEY, individually and in her official capacity as a Campbell County Detention Center Correctional Officer; TERRY JENSEN, individually and in his official capacity as a Campbell County Detention Center Correctional Officer;

WYOMING GOVERNOR'S OFFICE;
CAMPBELL COUNTY DISTRICT
ATTORNEY'S OFFICE; GILLETTE
POLICE DEPARTMENT, officials,
officers and personnel; WYOMING
DEPARTMENT OF CRIMINAL
INVESTIGATION; MR. SEAMEN,
individually and in his official
capacity as a Campbell County Deputy
Sheriff,

Defendants - Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ** and, **HOLMES** Circuit Judges.[**]

---

Plaintiff-Appellant Neil McGinnis, a state inmate proceeding pro se, appeals the district court's dismissal of his civil rights complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Background

Mr. McGinnis is a pretrial detainee in custody at the Campbell County Sheriff's Office in Gillette, Wyoming. In <u>McGinnis v. Wyoming</u>, 407 F. App'x 303 (10th Cir. 2011), we denied Mr. McGinnis a COA to pursue his 28 U.S.C. § 2254 claims. We recognized that an action under 42 U.S.C. § 1983 might be available for those claims. <u>Id.</u> at 304.

In this civil rights action, he alleged torture and malicious cruelty by the government and prison officials, specifically, torture by digital electromagnetic waves and other clandestine methods. R. 620, 622. He also claimed that he is incarcerated based on a fraudulent indictment. <u>Id.</u> at 620. The district court concluded that the allegations of torture were delusional and fantastical and dismissed those claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). In addition, the court concluded that the fraudulent indictment claim contained only conclusory allegations without any factual support and dismissed it for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## Discussion

We review the district court's dismissal of a prisoner's complaint for frivolousness for an abuse of discretion, but if the frivolousness determination turns on an issue of law, we review the determination de novo. <u>See</u> <u>Fogle v. Pierson</u>, 435 F.3d 1252, 1259 (10th Cir. 2006). A complaint is frivolous if "it

lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We review de novo the district court's Rule 12(b)(6) dismissal. See Christy Sports, LLC v. Deer Valley Resort Co., 555 F.3d 1188, 1191 (10th Cir. 2009). "A district court may dismiss a case sua sponte under Federal Rule Civil Procedure 12(b) when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." Andrews v. Heaton, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007) (quotation marks and citation omitted).

Because Mr. McGinnis is proceeding pro se, we construe his pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but we will not assume the role of advocate for a pro se litigant. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

After reviewing the record, we conclude that Mr. McGinnis' claims of electromagnetic torture are delusional and unsupported by any factual basis. The district court did not abuse its discretion in dismissing these claims as frivolous. In addition, it is "patently obvious" that Mr. McGinnis could not prevail on the fraudulent indictment claim, as a federal court may not intervene in ongoing state criminal proceedings, absent unusual circumstances—none of which are present here. See Younger v. Harris, 401 U.S. 37 (1971).

Accordingly, we affirm the dismissal of Mr. McGinnis's complaint. We deny all pending motions, including his motion to proceed in forma pauperis on

appeal, and order him to pay his filing fee.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge